IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANKLIN IGHEKPE           § | |
| § | |
| Petitioner,           § | |
| § | |
| VS.           § | |
| § | NO. 3-05-CV-1235-M |
| JOHN T. SOURKARIS, Director,    § | |
| Post Order Detention Unit, U.S.    § | |
| Immigration and Customs Enforcement, § | |
| ET AL.           § | |
| § | |
| Respondents.           § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Franklin Ighekpe, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied as premature.

I.

Petitioner, a native and citizen of Nigeria, was admitted to the United States in 1999 as a visitor. Thereafter, petitioner was charged with multiple violations of federal immigration law, including: (1) overstaying his visa; (2) obtaining employment without proper authorization of the INS; (3) falsely representing himself to be a United States citizen for purposes of employment; and (4) using a fraudulent social security card to obtain employment. A removal hearing was held on September 18, 2003 before an immigration judge in Dallas, Texas. At that hearing, petitioner sought an adjustment of status based on his pending I-130 and I-485 applications.[1] The immigration judge

---

[1] Petitioner sought a change in status from alien to permanent resident based on his purported marriage to a United States citizen. In order to effect this change in status, petitioner must file an I-485 Application to Register Permanent Residence or Adjust Status and his wife must file an I-130 Petition for Alien Relative to establish the marital relationship. *See Alhadji v. Ashcroft*, 69 Fed.Appx. 658, 2003 WL 21355972 at *1 (5th Cir. May 22, 2003).

found that petitioner was removable because, *inter alia*, he overstayed his visa. The judge further determined that petitioner was inadmissible to the United States as a lawful permanent resident, and therefore not eligible for an adjustment of status, because he made a false claim of citizenship to obtain employment. Petitioner timely appealed that decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed. *In re Ighekpe*, No. A95-212-485 (BIA Feb. 19, 2004), *mot. for rec. denied* (BIA Jun. 8, 2004). The Fifth Circuit denied a petition for review. *Iphekpe v. Gonzales*, 123 Fed.Appx. 616, 2005 WL 407222 (5th Cir. Feb. 21, 2005).[2]

Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his sole ground for relief, petitioner contends that his continued detention in immigration custody pending removal violates section 241(a) of the Immigration and Nationality Act ("INA") as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

II.

Section 241(a) of the INA provides, in pertinent part:

> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . .

8 U.S.C. § 1231(a)(1)(A). Here, the removal period commenced on February 21, 2005--the date the Fifth Circuit denied a petition for review. *Okwilagwe v. INS*, 2002 WL 356758 at *2 (N.D. Tex. Mar. 1, 2002) (Kaplan, J.) (removal order becomes final when court of appeals denies petition for review). Although this 90-day period expired on May 22, 2005, respondents may continue to detain petitioner for a period "reasonably necessary to bring about [his] removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. Detention for up to six months after expiration of the 90-day period

---

[2] Petitioner also sought a writ of mandamus and a declaratory judgment to compel immigration officials to adjudicate and approve his I-130 application to establish marital relationship and I-485 application for adjustment of status. A recommendation dismissing that action is currently pending before the district judge. *Ighekpe v. Gonzales*, 2005 WL 1421396 (N.D. Tex. Jun. 16, 2005) (Kaplan, J.).

is "presumptively reasonable." *Id.* at 2505. After that time:

> [O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.*

As of today, petitioner has been held in immigration custody for just one month after the expiration of the 90-day post-removal period. Consequently, his request for habeas relief is premature. Petitioner may refile this action if he has not been removed and is still in custody after the six-month post-removal period expires. *See Okpoju v. Ridge*, 2003 WL 22474587 at *2 (N.D. Tex. Oct. 20, 2003) (Kaplan, J.), *aff'd*, 115 Fed.Appx. 302, 2004 WL 2943629 (5th Cir. Dec. 20, 2004). *But see Zadvydas*, 121 S.Ct. at 2505 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."); *Kendy v. Ashcroft*, 2003 WL 21448380 at *2 (N.D. Tex. May 14, 2003) (same); *Fabuluje v. I.N.S.*, 2001 WL 1597812 at *2 (N.D. Tex. Dec. 11, 2001) (same).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied as premature.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 22, 2005.

                                      JEFF KAPLAN
                                      UNITED STATES MAGISTRATE JUDGE